Elizabeth H. Murphy (SBN 174095)
Elizabeth.Murphy@Jacksonlewis.com
Jessica C. Gregg (SBN 276543)
Jessica.Gregg@Jacksonlewis.com
**JACKSON LEWIS P.C.**
725 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5408
Telephone: (213) 689-0404
Facsimile: (213) 689-0430

Attorneys for Defendants
FALLON GROUP, INC. and MICHAEL BUCHNER

Seth A. Rafkin, Esq. (199166)
(srafkin@rafkinesq.com)
Jennifer M. Bogue (259431)
**RAFKIN ESQ. PLLC**
1201 Sussex Turnpike, Suite 102
Randoph. NJ 07869
Telephone (973) 891-3370
Facsimile (973) 920-9727

Attorneys for Plaintiff
MANDANO MELLANO

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANDANO MELLANO.<br><br>Plaintiff,<br><br>vs.<br><br>FALLON GROUP, INC. and MICHAEL BUCHNER, and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO.: CV 17-5526-JFW (Ex)<br><br>[Assigned for all purposes to the Hon. John F. Walter, Courtroom 7A]<br><br>**JOINT REPORT OF THE PARTIES PURSUANT TO RULE 26(F) OF THE FEDERAL RULES OF CIVIL PROCEDURE**<br><br>Complaint Filed:<br>Scheduling Conference: September 11, 2017<br>Time: 8:30 a.m.<br>Dept.: Courtroom 7A, 350 W. 1st Street, Los Angeles. CA 90012 |

Plaintiff Mandana Mellano ("Plaintiff") and Defendants Fallon Group, Inc. and Michael Buchner ("Defendants") hereby respectfully submit this Joint Report pursuant to Federal Rule of Civil Procedure 26, Local Rule 26-1, and the Court's August 23, 2017 Order setting the Scheduling Conference:

## I. BASIS FOR SUBJECT MATTER JURISDICTION

Defendants removed this case pursuant to 28 U.S.C. §1332. Jurisdiction is proper because the amount in controversy exceeds $75,000, and the parties are citizens of different States.

### A. Issues Regarding Personal Jurisdiction or Venue

None.

### B. Whether Parties Remain to be Served

None.

## II. STATEMENT OF THE CASE

### A. Brief Chronology

Plaintiff worked for Defendant Fallon Group, Inc. from April 11, 2016 to March 3, 2017, as Chief Communications Officer. Plaintiff was hired following 11 months of phone calls, meetings and negotiations that were facilitated by third-party placement firm, Grace Blue Worldwide. Plaintiff was responsible for establishing Fallon's presence in Los Angeles. Plaintiff claims that she did so, Defendants contend that she did not.

After Plaintiff was hired, Fallon became subject to a global hiring freeze, and lost 57.6% of its media revenue. In February, 2017, Fallon laid off 7 media employees, including Plaintiff. Plaintiff contends that the hiring freeze was either in place or reasonably foreseeable prior to her commencing employment.

### B. Statement of Principal Factual Issues In Dispute

Whether Defendants made misrepresentations to Plaintiff in connection with her employment at Fallon; whether Plaintiff performed well in her position; whether Defendants honored their commitments to Plaintiff regarding the resources that would be available to her upon commencing employment; whether Defendants reallocated resources away from Plaintiff and redirected them to the launch of its NY office; whether Plaintiff was entitled to and/or whether Fallon paid bonus and vacation compensation allegedly due to Plaintiff; whether Fallon's decision to cut off Plaintiff's email and other access to company systems was based upon legitimate business reasons or retaliatory;

whether and the amount of damages Plaintiff has incurred; the financial condition of Fallon.

### C. Brief Statement of Disputed Points of Law

The following points of law are disputed: whether Plaintiff was an at-will employee, whether Defendants negligently or intentionally made misrepresentations to induce Plaintiff to leave her prior employer, whether Defendants knowingly misrepresented the terms and/or conditions of Plaintiff's job, whether Plaintiff relied upon those alleged representations to her detriment; whether Defendants wrongfully terminated Plaintiff on the basis of her gender or in retaliation for her attorney's March 14, 2017 letter; whether Defendants' decision to cut off Plaintiff's access to its computer database constitutes an adverse employment action; whether Plaintiff was entitled to any bonus; whether Plaintiff was entitled to additional vacation pay; whether Defendant is liable for penalties under Labor Code Section 203 for paying Plaintiff's accrued vacation after her termination; whether Plaintiff has mitigated her damages; whether Plaintiff suffered damages; whether Defendant Michael Buchner is or can be personally liable for any of the claims asserted against him.

## III. PROCEDURAL ISSUES

### A. Prior and Pending Motions

None.

### B. Anticipated Motions

The parties do not anticipate any discovery motions.

Defendants plan to file a motion for summary judgment, and propose to file such motion October 15, 2018, for hearing on November 19, 2018 (proposed date of motion cut off).

### C. Extent to Which Parties, Claims or Defenses are to be Added or Dismissed, Deadline for Amending Pleadings

The Parties do not anticipate adding any parties or defenses at this time, and have agreed that if any such additions are sought, the appropriate pleading shall be amended

by November 30, 2017. Plaintiff is considering whether additional related entities should be added as defendants and will amend the complaint to assert discrimination and retaliation under the California Fair Employment & Housing Act following receipt of her right to sue letter.

## IV. RULE 26 COMPLIANCE AND DISCLOSURES

### A. Has Rule 26 Been Fully and Timely Complied With?

The parties have engaged in the Rule 26(f) conference, and will exchange required disclosures by September 14, 2017.

### B. Summary of Disclosures

1. Parties: Plaintiff, Mandano Mellano; Defendants Fallon Group, Inc. and Michael Buchner.

2. Percipient Witnesses: Claire Telling, Julie McBride, Plaintiff's supervisor at Ogilvy & Mather, Michael Buchner, persons most knowledgeable regarding the hiring freeze, lost revenue, and launch of Fallon's NY office at or around the time of her termination, Grace Blue recruiting personnel.

3. Plaintiff's Key Documents: Email and other correspondence related to the interview and negotiation process between Plaintiff and Fallon Group, Inc.; Plaintiff's Offer Letter and related personnel documents; documents related to Plaintiff's work performance; documents related to Fallon's hiring freeze, loss of revenue and launch of a NY office; documents related to Plaintiff's efforts to mitigate her damages.

4. Defendant's Key Documents: Email and other correspondence related to the interview and negotiation process between Plaintiff and Fallon Group, Inc.; Plaintiff's Offer Letter and related personnel documents; documents related to Plaintiff's work performance; documents related to Fallon's loss of revenue and resulting layoffs; documents related to Plaintiff's efforts to

mitigate her damages; personnel records reflecting Plaintiff's employment with Ogilvy & Mather.

## V. DISCOVERY

### A. Taken to Date:

None.

### B. Scope of Anticipated Discovery

The parties anticipate taking depositions of key parties and witnesses, exchanging key documents, and engaging in expert discovery at the appropriate time. Both parties anticipate serving interrogatories, requests for admission and other written discovery.

### C. Proposed Modifications or Limitations of Discovery Rules

None.

### D. Proposed Discovery Plan

Initial disclosures by September 14, 2017.

Fact discovery to be completed by June 30, 2018.

Expert discovery (disclosures, FRCP 26(a)(2) and depositions) to be completed by August 31, 2018.

## VI. RELATED CASES OR PROCEEDINGS

None.

## VII. RELIEF SOUGHT AND BASIS OF COMPUTATION

Plaintiff seeks economic damages due to loss of salary, benefits, unpaid vacation pay and bonus income as well as equity vesting opportunities. Plaintiff also seeks compensation for emotional distress, attorneys' fees and costs and punitive damages.

Defendant contends that this description is insufficient for purposes of this Joint Report.

## VIII. CERTIFIACTION OF INTERESTED PARTIES

### A. Whether Parties Filed

Plaintiff: To be filed next week upon issuance of ECF login information.

Defendant: Yes.

    **B.**    **Restatement of Contents**

        Plaintiff: Mandana Mellano

        Defendants: Michael Buchner and Fallon Group, Inc.

## IX. PROPOSED DATES

Last Day for Completion of Discovery: fact discovery: June 30, 2018; expert discovery: August 31, 2018.

Last Day for Hearing Motions: November 19, 2018

Final Pretrial Conference: November 19, 2018

Trial: December 10, 2018.

## X. TRIAL TYPE AND ESTIMATED LENGTH

Jury.

Length: 5-7 days.

## XI. SETTLEMENT

Efforts to date: Plaintiff made a pre-litigation demand, Defendants made a counter-proposal, to which Plaintiff has not responded.  Plaintiff's counsel said he will make a counter-proposal in the near future and otherwise continue negotiations.

Plan for Maximizing Prospects: The parties have agreed to ADR Procedure No. 1 in Local Rule 16-15.4.  If that procedure fails, then the parties will engage in private mediation, ADR Procedure 3.

## X. COMPLEX?

No.

## XII. LIKELY MOTIONS

The parties do not anticipate any discovery motions.

Defendants plan to file a motion for summary judgment, and propose to file such motion October 15, 2018, for hearing on November 19, 2018 (proposed date of motion cut off).

XIII. <u>UNUSUAL LEGAL ISSUES</u>

None.

XIV. <u>SEVERANCE OR BIFURCATION</u>

The parties have agreed to bifurcate punitive damages.


Dated: September 1, 2017        JACKSON LEWIS P.C.


By:/s/<u>Elizabeth Murphy</u>

Elizabeth Murphy
Attorneys for Defendants
FALLON GROUP, INC. and MICHAEL BUCHNER


Dated: August 31, 2017        RAFKIN ESQ. PLLC


By: /s/ Seth R.

Seth A. Rafkin
Attorneys for Plaintiff
MANDANO MELLANO