Elizabeth H. Murphy (SBN 174095)
Elizabeth.Murphy@Jacksonlewis.com
Philip Johnson (SBN 289254)
Philip.Johnson@Jacksonlewis.com
**JACKSON LEWIS P.C.**
725 South Figueroa Street, Suite 2500
Los Angeles, California  90017-5408
Telephone:  (213) 689-0404
Facsimile:   (213) 689-0430

Attorneys for Defendants
FALLON GROUP, INC. and MICHAEL BUCHNER

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANDANA MELLANO,<br><br>        Plaintiff,<br><br>   vs.<br><br>FALLON GROUP, INC., a Minnesota corporation, MICHAEL BUCHNER, an individual, and DOES 1 through 10,<br><br>        Defendants. | CASE NO.:  CV 17-5526-JFW (Ex)<br>[Assigned for all purposes to the Hon. John F. Walter, Courtroom 7A]<br><br>**[PROPOSED] STATEMENT OF DECISION**<br><br>Hearing Date: March 5, 2018<br>Time: 1:30P.M.<br>Courtroom: 7A<br><br>State Complaint Filed:    June  22, 2017 |

## STATEMENT OF DECISION DENYING PLAINTIFF'S MOTION TO AMEND COMPLAINT

### I. Introduction

Plaintiff Mandana Mellano moves to amend her complaint to add additional claims for gender discrimination and retaliation under California's Fair Employment and Housing Act ("FEHA") and to add two Defendants: Publicis Groupe, S.A. and Publicis Communications (collectively, "Publicis"). Defendants Fallon Group, Inc. ("Fallon") and

Michael Buchner do not oppose her motion to add the FEHA claims, but oppose the motion to add Publicis as a Defendant in this case.

Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds this matter appropriate for decision without oral argument. The hearing calendared for March 5, 2018, is hereby vacated and the matter taken off calendar. For the following reasons, the Court GRANTS Plaintiff's motion to add her FEHA claims but DENIES the motion to add Publicis as a Defendant.

## II. Factual and Procedural Background

### A. Facts

Plaintiff is Fallon's former employee. *See* ECF No. 1-2, Complaint ("Compl."), ¶ 4. Over the course of a year—from April, 2015 to March, 2016—Fallon (primarily through Buchner) negotiated the terms of Plaintiff's potential employment with Fallon. Throughout that time, Fallon explained—and Plaintiff acknowledged—on several occasions that the decision to hire her would require approval from proposed Defendant Publicis Groupe, S.A., Fallon's parent company. *See, e.g.*, ECF No. 30-1, Declaration of Elizabeth Murphy ("Murphy Decl."), Exs. C-F. As Buchner explained in an email to Plaintiff on September 16, 2015, he had submitted the "business case" to hire her to Robert Senior, who Buchner described as Fallon's "overlord in the Publicis empire." *Id.*, Ex. C; *see also id.*, Ex. D, Deposition of Mandana Mellano ("Mellano Depo.") at 249:8-10 (Plaintiff testifying that she understood Buchner "had to go to Robert Senior to get approval to hire [her]").

On March 8, 2016, Buchner sent Plaintiff a revised offer letter, in which he stated: "[Your] bonus is not guaranteed, as we have discussed. However, I hope to provide clarity on the new bonus incentive structure once that is shared with me from the newly formed Publicis Communications North America business unit." Murphy Decl., Ex. G.

After Publicis approved her hiring, Plaintiff completed paperwork that showed that Fallon was a Publicis entity. Among other things, to join Publicis' 401(k) plan, Plaintiff was required to state which "Brand (Publicis Company)" she worked for, and answered

with "Fallon." Murphy Decl., Ex. H at 1. She was also required to verify whether she had ever worked for any other Publicis entity. *Id.* at 2-3. Plaintiff was directed to return her forms to "Publicis Benefits Connection" and to direct any questions about her benefits to the "Publicis Benefits Connection Service Center." *Id.* at 3.

Plaintiff's office location was "at a Publicis facility." Mellano Depo. at 260:22-4.; *see also id.* at 128:1-2 (Plaintiff testifying that she expected resources "like Publicis office space"). Shortly after she began, Publicis imposed a hiring freeze on all of its subsidiaries, including Fallon. *See id.* at 270:19-21. The freeze continued throughout her employment, during which Plaintiff was told on a number of occasions that Publicis would have to approve any proposed new hires during the freeze. *See id.*

For instance, on June 28, 2016, when Plaintiff inquired about hiring freelancers, she was told that it was "not a hire [that] would be able to get through Publicis. In fact, Publicis sent a note to Julie this morning that all approvals are being suspended." Murphy Decl., Ex. I. Plaintiff testified that she understood that the situation was "out of kind of like Fallon's decision making . . . because the group [Publicis] was putting these parameters on them." Murphy Decl., Ex. B at 270:24-271:3. Similarly, Plaintiff testified that Buchner told her that he had asked Publicis' CEO, Arthur Sadoun, to help Fallon (and Plaintiff) establish the Fallon Los Angeles office, but Mr. Sadoun directed Buchner to focus on the New York office. *See* ECF No. 26-5.

**B. Procedural Background**

Plaintiff filed this case in state court on June 22, 2017. ECF No. 1-2. Defendants timely removed it to this Court on July 26, 2017. ECF No. 1.

On September 5, 2017, the Court issued its Scheduling and Case Management Order ("Scheduling Order"), which provided that "[t]he deadline for joining parties and amending pleadings is sixty days from the date of this Order." ECF No. 15 at 7.

On January 25, 2018, Plaintiff moved to amend her complaint. ECF No. 17. The Court struck the motion "for failure to comply with Local Rule 7-3 which requires the conference of counsel to take place at least seven days prior to the filing of the Motion

and paragraph 5(b) of the Court's Standing Order which requires the Joint Statement to be filed 3 days after the Local Rule 7-3 conference." ECF No. 21. Plaintiff filed her renewed motion to amend her complaint on February 55, 2018. ECF No. 24.

### III. Standards of Decision

Under Federal Rule of Civil Procedure 16(b)(4), a court's Scheduling Order "may be modified only for good cause and with the judge's consent." In this context, "good cause" means that the Scheduling Order's deadlines cannot be met despite a party's diligence in meeting it. *Zivkovic v. So. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002). "[O]nce the district court has filed a pretrial scheduling order pursuant to Rule 16 which establishes the timetable for amending pleadings, a motion seeking to amend pleadings is governed first by Rule 16(b), and only secondarily by Rule 15(a)." *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999).

"Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). *Zivkovic*, 302 F.3d at 1087 ("If the party seeking the modification was not diligent, the inquiry should end and the motion to modify should not be granted.").

Under Rule 15(a), leave to amend should be granted unless the district court finds (1) undue delay; (2) bad faith; (3) undue prejudice to the opposing party; (4) futility of amendment; and (5) whether the movant has already amended the complaint. *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 798 (9th Cir. 1991).

///
///
///
///
///

## IV. Discussion[1]

### A. Plaintiff's motion to amend is denied because she failed to move to amend the Scheduling Order

This Court's September 5, 2017 Scheduling Order provides that any amendment to the complaint had to occur within 60 days. ECF No. 15 at 7. Plaintiff's February 2018 motion to amend, which does not acknowledge the Scheduling Order, is therefore untimely and improper. *See Johnson*, 975 F.3d at 608-09 (motion to amend complaint is not motion to modify scheduling order); *Multicraft Imps., Inc. v. Mariposa United States, Inc.*, No. CV 16-3975 DMG (AJWx), 2017 U.S. Dist. LEXIS 186333, at *4 (C.D. Cal. June 8, 2017) ("In this Circuit, a party that seeks leave to file an amended complaint must also move to amend the scheduling order."). In her moving papers, Plaintiff made no effort to explain why she did not move to amend the Scheduling Order, or why there is good cause to do so. Accordingly, the Court DENIES Plaintiff's motion to amend for failure to comply with Rule 16. *See Skinner v. Northrop Grumman Pension Plan*, No. CV 07-3923-JFW (AGRx), 2009 U.S. Dist. LEXIS 135396, at *4 ("Upon the expiration of the deadline established in a Rule 16 scheduling order, a party seeking to amend its pleadings must satisfy the standards of Rule 16 before the amendment will be allowed.") (quoting *Eckert Cold Storage, Inc. v. Behl*, 943 F. Supp. 1230, 1232 (E.D. Cal. 1996)); *Capuano v. Kenneth Eisen & Assocs.*, 2012 U.S. Dist. LEXIS 86720, at *4 (D. Ariz. 2012) ("a district court may deny as untimely an amendment motion filed after the scheduling order's cut-off date where no request to modify the order has been made") (citing *Johnson*, 975 F.2d at 608-09).

### B. Plaintiff was not diligent in seeking amendment

Plaintiff argues that the Court should construe her motion to amend as a motion to amend the Scheduling Order under Rule 16. *See* ECF No. 31 at 3.  The Court grants

---

[1] Because Defendants do not oppose Plaintiff's motion to amend insofar as Plaintiff seeks to add FEHA claims, the Court GRANTS the motion. The remainder of this Order pertains only to Plaintiff's motion to add Publicis as a Defendant.

CASE NO.: CV 17-5526-JFW (Ex)         5         [PROPOSED] STATEMENT OF DECISION

1  Plaintiff's request, but nonetheless DENIES the motion because Plaintiff was not diligent
2  in bringing it.  *See Zivkovic*, 302 F.3d at 1087.

3        Plaintiff argues that she was diligent in seeking amendment because she did not
4  know of the facts that provided the basis for her motion to amend (*i.e.*, that Publicis was
5  involved with decisions about her hiring, employment, bonus, and termination) until she
6  took Buchner's deposition on November 29, 2018. But her own deposition testimony and
7  the emails she sent and received before Fallon even hired her establish that she was well
8  aware of Publicis's control over Fallon's decision to hire her and that Publicis was
9  involved with determining her bonus. Similarly, the evidence Defendants submitted in
10 opposition to her motion establishes that Plaintiff was well aware that Publicis had
11 control over Fallon's hiring decisions, including decisions related to Plaintiff's own
12 requests to hire freelancers to assist her at Fallon.

13       In her reply, Plaintiff effectively concedes these points, but nonetheless argues her
14 motion should be granted because she was unaware of Publicis's involvement with her
15 termination until Buchner's November 29, 2018 deposition—five months after she filed
16 this lawsuit and almost a month after the Scheduling Order's deadline to amend the
17 pleadings. Plaintiff provides no explanation as to why she was unable to obtain
18 information about Publicis's involvement with her employment, including her
19 termination, until after the deadline to amend the pleadings. Notably, she does not explain
20 why she waited to take Buchner's deposition until after that deadline. *See* ECF No. 31 at
21 3. Further, she provides no compelling reason as to why she waited until January 25,
22 2018—almost two months after Buchner's deposition—to amend the complaint except
23 for that her counsel had to wait until "mid-December" to review the transcript of
24 Buchner's deposition. *See* ECF No. 25 at 7. Regardless, Plaintiff's claims against
25 Defendants are based, in part, on their purported refusal to allow her "to hire appropriate
26 talent" and Fallon's failure to pay her a bonus she was allegedly due. Compl. ¶¶ 6, 13;
27 *see also id.* ¶ 9. Given that she knew Publicis was involved with deciding her bonus, as
28 indicated by her offer letter, and that she knew Publicis wielded control over hiring

requests that she personally made, she could have and should have asserted her claims against Publicis from the outset, yet she waited almost eight months after filing this case to amend the pleadings to do so.

In sum, Plaintiff was not diligent in seeking to amend the pleadings almost eight months after filing this case and almost three months after the deadline to do so under the Scheduling Order. This is particularly true given that the basis for the motion is discovery (namely, Buchner's deposition) that occurred after the deadline. Accordingly, construing Plaintiff's motion as a motion to amend the Scheduling Order under Rule 16, the Court DENIES the motion.

### C. Plaintiff's motion to amend under Rule 15 is denied

The Court may deny a motion to amend the complaint if the movant unduly delayed in bringing the motion and if granting it would prejudice the opposing party. *Ponsoldt*, 939 F.2d at 798. Both of these factors weigh in favor of denying Plaintiff's motion to amend her complaint.

#### 1. Plaintiff unduly delayed in bringing the motion

As explained above, Plaintiff was well aware of Publicis's involvement with her employment, including her hiring, bonus, and her ability to "hire talent," before she filed this case in June 2017. The Court's Scheduling Order set the deadline to amend the pleadings for November 5, 2018. Plaintiff filed her motion to amend on February 5, 2018. The Court finds that Plaintiff's nearly eight-month delay in seeking to amend the pleadings is undue. *See McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 809 (9th Cir. 1988) (holding that six-month delay was undue); *Jackson v. Bank of Hawaii*, 902 F.2d 1385 (9th Cir. 1990) (holding that seven-month delay was undue).

#### 2. Defendants and Publicis would be prejudiced by amendment

"Amendments seeking to add claims are to be granted more freely than amendments adding parties." *Union P.R. Co. v. Nevada Power Co.*, 950 F.2d 1429, 1432 (9th Cir. 1991). As the Ninth Circuit has observed, adding a new party "pose[s] an especially acute risk of prejudice," so the Court's "major objective" here is to avoid

prejudice to the proposed party. *DCD Programs, Ltd. v. Leighton*, 833 F.3d 183, 187 (9th Cir. 1987). In *DCD Programs*, for instance, the Ninth Circuit held the proposed party would not be prejudiced if added to the plaintiff's complaint because, unlike here, there was no trial date or pretrial conference scheduled. *See id.*

This case is toward the end of its proceedings pursuant to the Court's Scheduling Order. Motions for summary judgment are due on March 26, 2018. Discovery closes on April 5, 2018. Trial is set for June 26, 2018. If Publicis were added as a party at this late stage of the litigation, it would likely not be able to meet the Scheduling Order's deadlines, discovery would have to be reopened, and trial would have to be delayed. This would prejudice all parties, and justifies denying Plaintiff's motion. *See Texaco*, 939 F.2d at 799 (holding that defendant would be prejudiced by amendment 4.5 months before trial); *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 983, 986 (9th Cir. 1999) (denying motion to amend made more than four months after the cutoff date for motions to amend because "[a] need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice from a delayed motion to amend the complaint"); *Brother Records, Inc. v. Jardine*, 318 F.3d 900, 911 (9th Cir. 2003) (affirming denial of motion to amend that "would have caused an undue delay in the proceedings"). Accordingly, the Court finds that Defendants and Publicis would be prejudiced if Publicis were added as a Defendant at this stage of the proceedings. Plaintiff's motion to amend is therefore DENIED.

///
///
///
///
///
///
///

## V. Conclusion

For the foregoing reasons, the Court GRANTS Plaintiff's motion to amend to add her FEHA claims but DENIES the motion to add Publicis as a Defendant.

Dated:  February ____, 2018

_____
Hon. John F. Walter
United States District Judge