**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES -- GENERAL**

| | | |
|---|---|---|
| Case No. | **CV 17-5526-JFW(Ex)** | Date: March 2, 2018 |
| Title: | Mandano Mellano -v- Fallon Group, Inc., et al. | |

**PRESENT:**

**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Shannon Reilly | None Present |
| Courtroom Deputy | Court Reporter |

| | |
|---|---|
| **ATTORNEYS PRESENT FOR PLAINTIFFS:** | **ATTORNEYS PRESENT FOR DEFENDANTS:** |
| None | None |

**PROCEEDINGS (IN CHAMBERS):**     ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT [filed 2/5/18; Docket No. 24]

On February 5, 2018, Plaintiff Mandana Mellano ("Plaintiff") filed a Motion for Leave to File an Amended Complaint ("Motion"). On February 12, 2018, Defendants Michael Buchner and Fallon Group, Inc. ("Fallon") (collectively, "Defendants") filed their Opposition. On February 19, 2018, Plaintiff filed a Reply. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court found the matter appropriate for submission on the papers without oral argument. The matter was, therefore, removed from the Court's March 5, 2018 hearing calendar, and the parties were given advance notice. After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

Fallon is an advertising agency incorporated under the laws of Minnesota. Buchner is the Chief Executive Officer of Fallon. In 2016, Defendants recruited Plaintiff, an advertising professional, to lead Fallon's efforts to establish a presence in the Los Angeles market. According to Plaintiff, she relied on Defendants' representations that she would have the necessary support and resources, including hiring the personnel she needed, to make the Los Angeles office successful within two years. As a result, Plaintiff left her position at another company and accepted a position with Fallon. However, shortly after Plaintiff began working at Fallon, she learned that there was a company-wide hiring freeze and that she would not be able to hire anyone for the Los Angeles office. Nevertheless, Plaintiff worked diligently to build the Los Angeles office and, in the process, "added substantial value" to Fallon.

On March 3, 2017, eleven months after Plaintiff was hired, Buchner terminated Plaintiff, effective April 3, 2017.  According to Plaintiff, Buchner explained that her performance was not an issue, but he needed to redirect resources to launch Fallon's New York office.  On March 14, 2017, Plaintiff's attorney sent a letter to Fallon's Human Resources Director notifying the company that Plaintiff intended to pursue a claim for gender discrimination.  Within forty-eight hours of receiving the letter, Fallon terminated Plaintiff's access to its systems, including her e-mail account, and demanded that she immediately return all company property, including her computer.  Fallon also refused to pay Plaintiff for unused vacation time or her annual bonus.

On June 22, 2017, Plaintiff filed a lawsuit in Los Angeles Superior Court against Defendants.  Defendants removed the action to federal court on July 26, 2017.  In her Complaint, Plaintiff alleges claims against Defendants: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) fraud and deceit; (4) negligent misrepresentation; (5) wrongful termination in violation of public policy; (6) failure to pay wages; and (7) waiting time penalty.

On September 5, 2017, the Court issued a Scheduling and Case Management Order ("CMO").  Pursuant to the terms of the CMO, the deadline to amend the Complaint or join parties was November 4, 2017.

Plaintiff now seeks leave to amend her Complaint to add a statutory gender discrimination claim and a retaliation claim against Defendants and to name Publicis Group, S.A. and Publicis Communications, Inc. (collectively referred to as the "Publicis Entities")—parent companies of Fallon—as additional defendants.[1]  Defendants do not oppose Plaintiff's request to add the two new claims against them.  However, they oppose Plaintiff's request to name the Publicis Entities as defendants on the grounds that Plaintiff has unduly delayed in bringing her Motion and that both Defendants and the Publicis Entities would be prejudiced by the amendment.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 15(a) provides that a district "court should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a).  However, "[o]nce the district court has issued a pretrial scheduling order establishing a timetable for pretrial motions, Rule 16, not Rule 15, controls the amendment of pleadings."  *Hannon v. Chater*, 887 F. Supp. 1303, 1319 (N.D. Cal. 1995).  Federal Rule of Civil Procedure 16(b) provides that "[a] schedule may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment

---

[1]  Plaintiff's Motion "fails to recognize that the liberal amendment standard set out in Rule 15(a) is inapplicable until Plaintiff first demonstrates that good cause as prescribed by Rule 16(b) justifies the amendment."  *Jackson*, 186 F.R.D. at 606-07.  "Upon the expiration of the deadline established in a Rule 16 scheduling order, a party seeking to amend its pleadings must satisfy the standards of Rule 16 before the amendment will be allowed."  *Eckert Cold Storage, Inc. v. Behl*, 943 F. Supp. 1230, 1232 (E.D. Cal. 1996).  However, Plaintiff did address the good cause standard in her Reply.  Accordingly, the Court construes Plaintiff's Motion as a Motion for Leave to Amend pursuant to Rule 16.

and the prejudice to the opposing party, Rule 16(b)'s good cause standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992); *see also Eckert Cold Storage, Inc. v. Behl*, 943 F. Supp. 1230, 1233 (E.D. Cal. 1996) (holding that "the focus of the Rule 16 good cause inquiry is on the moving party's diligence, or lack thereof, in seeking amendment"). As the Ninth Circuit has explained:

> The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension. Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus on the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end.

*Johnson*, 975 F.2d at 609 (citations and quotations omitted); *see also Zivkovic v. S. Cal Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) ("If the party seeking the modification 'was not diligent, the inquiry should end' and the motion to modify should not be granted."). "As Rule 16 recognizes, scheduling orders are at the heart of case management, and are intended to alleviate case management problems" and "good-faith compliance with Rule 16 plays an important role in this process." *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999) (citations and quotations omitted). Accordingly, to demonstrate diligence, the moving party is required to show: (1) that it was diligent in assisting the Court in creating a workable Rule 16 scheduling order; (2) that its noncompliance with the scheduling order's deadline occurred or will occur notwithstanding diligent efforts to comply because of "the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference;" and (3) that it was diligent in seeking amendment of the scheduling order once it became apparent it could not comply with the order. *Id.* at 608. Finally, the Ninth Circuit has stated that "carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Johnson*, 975 F.2d at 609.

### III. DISCUSSION

The Court concludes that Plaintiff has made a sufficient showing of good cause for leave to amend her Complaint. Specifically, has Plaintiff demonstrated that she did not know that the Publicis Entities had any involvement in the decision to refuse to pay her bonus until November 29, 2017 when Buchner testified as Fallon's Person Most Knowledgeable about the facts that gave rise to this action. At his deposition, Buchner testified that it was the Publicis Entities that determined which Fallon employees received bonuses and that Fallon had no information or knowledge of how the amounts of the bonuses were determined or how or why the decision was made to only award bonuses to three individuals. Plaintiff has also demonstrated that she did not know until Buchner's deposition that the Publicis Entities were involved in the decision to terminate her employment. Given that Plaintiff's counsel asked Defendants' counsel shortly after Buchner's deposition to stipulate to adding the Publicis Entities as defendants and then filed her initial Motion for Leave to Amend on January 15, 2018, the Court concludes that Plaintiff acted diligently in seeking leave to amend her Complaint.

In their Opposition, Defendants argue they will be prejudiced if the Court grants Plaintiff's Motion.  First, Defendants argue that adding the Publicis Entities as defendants would affect the parties' February 21, 2018 mediation.  However, this argument is frivolous because the parties have notified the Court that the mediation has already occurred and was unsuccessful.  In addition, only three depositions have been taken in this matter and in-house counsel of the Publicis Entities was present to defend Buchner's deposition.  Accordingly, the Court finds Defendants' argument that they (and the Publicis Entities) would have inadequate time to prepare for trial unpersuasive.  Therefore, the Court **GRANTS** Plaintiff's Motion.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Leave to File an Amended Complaint is **GRANTED**.  Plaintiff shall file the proposed First Amended Complaint by **March 5, 2018.**


IT IS SO ORDERED**.**